# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WYNDEL LYNN WORTHEN-SMITH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>　　　　Defendant. | 1:12-cv-00273-AWI-GSA<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## INTRODUCTION

Plaintiff Wyndel Lynn Worthen-Smith ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits pursuant to Title II of the Social Security Act. The matter was submitted to the Court on the parties' briefs, without oral argument. Upon a review of the pleadings, the Court finds that the Commissioner's decision is based on proper legal standards and is supported by substantial evidence. Accordingly, the Court recommends that the Commissioner's decision be affirmed.

///

///

1

# THE ADMINISTRATIVE PROCEEDINGS

## 1. Procedural History

On July 6, 2009, Plaintiff filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging disability beginning June 30, 2005. AR 15.[1] Plaintiff's claims were denied initially on November 25, 2009, and upon reconsideration on April 15, 2010. She subsequently requested a hearing before an Administrative Law Judge ("ALJ"). AR 15. On March 3, 2011, in Stockton, California, the Honorable Laura Speck Havens, ALJ, held a hearing on Plaintiff's claims. AR 15. On April 22, 2011, ALJ Havens issued a decision finding Plaintiff was not disabled under the Social Security Act. AR 15, 21. On December 27, 2011, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final decision. AR 1. Plaintiff then commenced the instant civil action, seeking judicial review pursuant to 42 U.S.C. § 405(g).

## 2. The Disability Determination Standard and Process

A claimant is "disabled" for purposes of entitlement to disability insurance benefits if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

The Commissioner utilizes a "five-step sequential evaluation process" to assess whether a claimant is disabled. 20 C.F.R. §§ 404.1520(a)-(f); *Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995) (as amended Apr. 9, 1996). At step one, the Commissioner determines whether the claimant is currently engaged in substantial gainful activity; if so, the claimant is not disabled and the claim must be denied. § 404.1520(a)(4)(i). If the claimant is not engaged in substantial gainful activity, the second step requires the Commissioner to determine whether the claimant

---

[1] References to the Administrative Record of the proceedings before the Administrative Law Judge are designated as "AR," followed by the appropriate page number.

has a "severe" impairment or combination of impairments significantly limiting her ability to do basic work activities;[2] if not, the claimant is not disabled and the claim must be denied. § 404.1520(a)(4)(ii). If the claimant has a "severe" impairment or combination of impairments, the third step requires the Commissioner to determine whether the impairment or combination of impairments meets or equals an impairment in the Listing of Impairments ("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1; if so, disability is conclusively presumed and benefits are awarded. § 404.1520(a)(4)(iii). If the claimant's impairment or combination of impairments does not meet or equal an impairment in the Listing, the fourth step requires the Commissioner to determine whether the claimant has sufficient residual functional capacity ("RFC") to perform her past work;[3] if so, the claimant is not disabled and the claim must be denied. § 404.1520(a)(4)(iv). The claimant has the burden of proving that she is unable to perform past relevant work. *Drouin*, 966 F.2d at 1257. If the claimant meets that burden, a *prima facie* case of disability is established. *Id*. In that event, or if the claimant has no past relevant work, the Commissioner then, in the fifth and final step of the sequential analysis, bears the burden of establishing that the claimant is not disabled because she can perform other substantial, gainful work available in the national economy. § 404.120(a)(4)(v); *Lester*, 81 F.3d at 828 n. 5; *Drouin*, 966 F.2d at 1257.

///
///
///
///
///

---

[2] "Severe" simply means that the impairment significantly limits the claimant's physical or mental ability to do basic work activities. *See* 20 C.F.R. 404.1520(c).

[3] RFC captures the most a claimant can still do despite existing physical, mental and other limitations. 20 C.F.R. § 404.1545(a)(1); *see Cooper v. Sullivan*, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

### 3. The ALJ's Findings and Decision

Pursuant to the above-outlined process, the ALJ determined that Plaintiff did not meet the disability standard. AR 15-21. More particularly, the ALJ found that Plaintiff had not engaged in substantial gainful activity from her alleged onset date of June 30, 2005 through her date last insured of December 31, 2010. AR 17. Further, the ALJ identified fibromyalgia, irritable bowel syndrome, and diverticulitis as severe impairments for Plaintiff. AR 17. Nonetheless, the ALJ determined that Plaintiff's impairments, either separately or in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Next, based on a review of the entire record, the ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform "the full range of light work" as defined in 20 C.F.R. § 404.1567(b). Finally, the ALJ found that Plaintiff was capable of performing her past relevant work as a group worker, recreation leader, and teacher assistant, as performed in the national economy.[4] AR 21. Thus, the ALJ's analysis ended at step four, with a finding that Plaintiff was not disabled as she did not prove that she could not perform her past relevant work.

### 4. The Appeals Council's Decision

On December 27, 2011, the Appeals Council denied Plaintiff's request for review. AR 1. The Appeals Council stated that it had considered Plaintiff's arguments with respect to the ALJ's decision as well additional, new evidence she submitted directly to the Appeals Council. AR 1. The Appeals Council "found that this information does not provide a basis for changing the Administrative Law Judge's decision." AR 2. The new evidence considered by the Appeals Council consisted of the following:

(1)  Function Report from Sydney Fagan (claimant's daughter), dated May 29, 2011;
(2)  Function Report from Shawna Wood (claimant's step-daughter), dated May 26, 2011;
(3)  Records from Bradley Blankenship, M.D., dated May 10, 2011; and

---

[4] At the hearing held in this matter before the ALJ, Vocational Expert Stephen Schmidt testified that the claimant was capable of performing her past relevant work as performed in the national economy. AR 44.

4

(4)     Multiple Impairment Questionnaire from Paradise Medical Group, dated July 15, 2011. AR 2, 4, 5.  The Appeals Council made this additional evidence part of the administrative record in the instant matter.  AR 5.

      Plaintiff's instant action before this Court centers on the new medical records from Dr. Bradley Blankenship, a family practitioner, regarding Plaintiff's fibromyalgia.  AR 548.  These records consist of three pages (collectively "disability opinion" or "disability letter").  The first page is a cover letter dated May 10, 2011, from Dr. Blankenship, stating: "[Wyndel Worthen-Smith] was on disability from 11-06-08 to 11-06-09 for her chronic medical condition.  Please see attached disability form/work note."  AR 547.  The second page is a California Employment Development Department ("EDD") disability benefits claim form/doctor's certificate.  This form, which was completed and signed by Dr. Blankenship on June 24, 2009, states that Plaintiff was disabled and unable to work from November 6, 2008 to November 6, 2009.  AR 548.  On the form, Dr. Blankenship identified Plaintiff's diagnosis as fibromyalgia and her symptoms as "chronic pain in limbs and spine" and "fatigue hindering ability to work."  AR 548.  He noted that Plaintiff was taking celebrex and vicodin, and that she was under the care of a rheumatologist for her fibromyalgia.  AR 548.  The third page is a "work note" signed by Dr. Blankenship on June 23, 2009, stating that Plaintiff had been under his care for fibromyalgia and fatigue; that her first day of disability was November 6, 2008; and that she could return to work on November 6, 2009.  AR 549.  Plaintiff argues that these new records are "dispositive" with respect to the ultimate issue of disability in this matter and, therefore, merit reversal of the Commissioner's decision.

///

///

///

///

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether (1) it is supported by substantial evidence and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

## DISCUSSION

Plaintiff raises three arguments in this appeal based on Dr. Blankenship's disability letter. First, Plaintiff argues that Dr. Blankenship's disability letter is "dispositive" as to the ultimate issue of disability in this matter. (Doc. 15, p. 5). Specifically, Plaintiff claims that the disability letter, "[t]aken on its own terms ... establishe[s]" that Plaintiff was disabled for purposes of receiving benefits for a period of at least one year, i.e., from November 6, 2008 to November 6, 2009. (Doc. 15, p. 4; Doc. 19, p. 4). Plaintiff urges the Court to reverse the ALJ's decision for legal error and award benefits for at least this one-year period.

Plaintiff next argues, in what she characterizes as the "the main legal issue," that the Commissioner's decision contains legal error because the Appeals Council failed to provide "specific and legitimate reasons" for rejecting Dr. Blankenship's disability letter. (Doc. 15, p.5; Doc. 19, pp. 3-6).

Finally, Plaintiff contends that, in light of Dr. Blankenship's disability letter, the Commissioner's decision is not based on substantial evidence. (Doc. 15, p. 5).

///

///

**1.  Dr. Blankenship's Disability Opinion, on its Own, Does not Establish that Plaintiff was Disabled Under the Social Security Act**

6

Physicians render two types of opinions in disability cases: (1) medical, clinical opinions regarding the nature of the claimant's impairments and (2) opinions on the claimant's ability to perform work. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (in disability benefits case "physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability—the claimant's ability to perform work"); *Holohan v. Massanari*, 246 F.3d 1195, 1202 (9th Cir. 2001) ("[i]n disability benefits cases, physicians typically provide two types of opinions: medical opinions that speak to the nature and extent of a claimant's limitations, and opinions concerning the ultimate issue of disability, i.e., opinions about whether a claimant is capable of any work, given her or his limitations"). Dr. Blankenship's disability letter concerns Plaintiff's ability to perform work, given her limitations, from November 6, 2008 to November 6, 2009. The disability letter (which consists of minimal notations on "check the box"/"fill in the blanks" forms) therefore represents an opinion on the ultimate issue of disability. *See Martinez v. Astrue*, 261 F. App'x 33, 35 (9th Cir. 2007).

Under the controlling Social Security regulations and rules, a treating physician's disability opinion is not entitled to controlling weight or any special significance, because the ultimate issue of disability is for the Commissioner to make, taking into account a variety of factors. 20 C.F.R. §404.1527(d)(3) (opinion sources on issues reserved to the Commissioner are not given "any special significance"); 20 C.F.R. § 404.1527(d)(1) ("[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled;"); Soc. Sec. Ruling (SSR) 96–5p, 1996 WL 374183, at *1, *2, *5 (July 2, 1996) ("adjudicator is precluded from giving any special significance" to an opinion from a treating source on issues reserved to the Commissioner); *Martinez v. Astrue*, 261 F. App'x at 35 (disability opinion is "not accorded the weight of a medical opinion" because it "is an opinion about an issue reserved to the Commissioner"); *Ram v. Astrue*, WL 6790197, *8 (C.D. Cal. Nov. 30, 2012) ("a treating physician's opinion regarding the ultimate issue of disability is not entitled to any special weight"); *accord Acosta v. Astrue*, 2010 WL 1544113, *3 (C.D. Cal. Apr. 6,

2010); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001) (treating physician's opinion is not binding on the ultimate determination of disability); *see also McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011) ("[a] disability is an administrative determination of how an impairment, in relation to education, age, technological, economic and social factors, affects ability to engage in gainful activity").

Because the decision on the ultimate issue of disability is administrative not medical, Plaintiff's first argument, that Dr. Blankenship's disability opinion is "dispositive" and "establishe[s]" Plaintiff's disability for purposes of an entitlement to benefits, is unpersuasive. The Appeals Council, therefore, was not required to award benefits to Plaintiff for the period from November 6, 2008 to November 6, 2009 on the basis of Dr. Blankenship's letter alone.

**2.  The Appeals Council Was Not Required to Give "Specific and Legitimate" Reasons for Discounting Dr. Blankenship's Disability Opinion**

Plaintiff argues, mainly in her reply brief, that by not specifically addressing Dr. Blankenship's opinion, "the Appeals Council has left the Commissioner's final decision legally deficient regarding a treating physician's opinion, with no reasons, not specific and legitimate reasons [sic], to reject it." (Doc. 19, p. 4).

Where a claimant submits "new and material evidence" to the Appeals Council relating "to the period on or before the date of the [ALJ's] hearing decision," the Appeals Council must consider the additional evidence in determining whether to grant review. 20 C.F.R. §§ 404.970(b), 416.1470(b); *also see Warner v. Astrue*, 2012 WL 1657739, *5 (C.D. Cal. April 26, 2012). When the evidence postdates the ALJ's decision, the Council must still consider it if it is "related to" the period before the ALJ decision. *Taylor v. Comm. of Soc. Sec. Admin.*, 659 F.3d 1228, 1233 (9th Cir. 2011) (treating physician's opinion "concerned his assessment of [claimant's] mental health since his alleged disability onset date" and therefore "related to" period before claimant's disability insurance coverage expired and before ALJ's decision). The Appeals Council will grant review if the Council finds "that the [ALJ's] action, finding, or conclusion is contrary to the weight of the evidence currently of record." *See* 20 C.F.R. §§ 404.970(b),

8

416.1470(b). Otherwise, the Appeals Council will consider the additional evidence but deny review. Here the Appeals Council considered the additional evidence from Dr. Blankenship, but denied review and adopted the ALJ's opinion.

In the Ninth Circuit, when the opinion of a treating physician is contradicted, as is the case with Dr. Blankenship's disability letter, an ALJ may discount it for specific, legitimate reasons based on substantial evidence.[5] *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989); *Holohan v. Massanari*, 246 F.3d 1195, 1203 (9th Cir. 2001). A treating physician's disability opinion, such as Dr. Blankenship's at issue here, is subject to the same legal standards as a treating physician's medical opinion. *Reddick v. Chater,* 157 F.3d 715, 725 ("reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion"). The question before the Court thus is whether the Appeals Council was similarly required to give "specific and legitimate reasons" in discounting Dr. Blankenship's disability letter.

Until recently, the Ninth Circuit's decision in *Ramirez v. Shalala*, 8 F.3d 1449, 1453-1454 (9th Cir. 1993) appeared to impose on the Appeals Council the same requirements for rejecting treating source opinions as apply to ALJs. *See, e.g., Warner v. Astrue*, 859 F.Supp.2d 1107, 1115 (C.D. Cal. 2012). However, in *Taylor v. Comm'r of Soc. Sec.*, 659 F.3d 1228, 1231–32 (9th Cir. 2011), the Ninth Circuit clarified that when the Appeals Council considers a *post-hearing* opinion from a treating source but denies review, the Appeals council need not provide a "detailed rationale" or make any particular evidentiary findings as to why it rejected the post-hearing opinion.[6] *See Warner*, 859 F.Supp.2d at 1115 (under *Taylor*, the Appeals Council is

---

[5] Dr. Blankenship's disability opinion is contradicted by state agency consultative examiner, Dr. Manmeet Shergill and state agency medical consultant Dr. B. Ginsburg, who both found that Plaintiff could perform light work. Moreover, Dr. Blankenship's disability opinion is not supported by Plaintiff's treating rheumatologist, who diagnosed her with fibromyalgia, found her fibromyalgia to be stable, and did not reference any work limitations in her treatment notes.

[6] In *Taylor*, in reviewing the ALJ's decision in the context where treating physicians' opinions had been submitted directly to the Appeals Council but the Council had denied review without providing a rationale for discounting the newly-submitted opinions, the Ninth Circuit stated:

9

excused from offering any explanation for rejecting post-hearing treating source opinions); *accord Crater v. Astrue*, 2012 WL 3106625, *5 (C.D. Cal. July 30, 2012). Since *Taylor* is the most recent Ninth Circuit case to address this issue, this Court will follow *Taylor*.

While the Commissioner's final decision must usually include specific and legitimate reasons for discounting a disability opinion from a treating source, here we are confronted with a post-hearing disability opinion that the Appeals Council properly discounted without providing any evidentiary basis. *See Palomares v. Asture*, 887 F.Supp.2d 906 (N.D. Cal. 2012) (holding, based on *Taylor*, that "the sufficiency of the Appeals Council's perfunctory explanation for the rejection of [the treating doctor's] opinion will not be considered as grounds for reversal"). In light of the procedural posture of the instant matter, under *Taylor*, Plaintiff's argument that the Commissioner's decision is legally deficient for failing to include "specific and legitimate reasons" for discounting Dr. Blankenship's disability opinion, is unpersuasive.

///
///
///
///

**3. The Commissioner's Decision is Based on Substantial Evidence**

The Court next considers whether adding Dr. Blankenship's new disability letter to the

---

> Taylor is not effectively asking for a "ruling that the Appeals Council must provide [a] detailed rationale whenever faced with new evidence." If he were, Taylor's request would be barred by *Gomez v. Chater*, where we held that "the Appeals Council [was] not required to make any particular evidentiary finding" when it rejected evidence from a vocational expert obtained after an adverse administrative decision. 74 F.3d 967, 972 (9th Cir. 1996).

*Taylor*, 659 F.3d at 1232 (quotation marks, parentheses and citation in original). While *Gomez* held that the Appeals Council did not have to make evidentiary findings when rejecting post-hearing evidence from a vocational expert, *Taylor* applied *Gomez* to post-hearing evidence from treating sources. *See id.; Gomez v. Chater*, 74 F.3d 967 (9th Cir. 1996), *superseded by regulation on other grounds as stated in Boyd v. Colvin*, 2013 WL 1800556, (9th Cir. 2013). In so doing, *Taylor* clarified that the Appeals Council is excused from providing any explanation for discounting opinions from a claimant's treating physician. *See Warner v. Astrue*, 859 F.Supp.2d 1107, 1115 (C.D. Cal. 2012) ("By invoking *Gomez* in the manner in which it did, the *Taylor* Court clarified that the rule of *Gomez* applies not only to post-hearing vocational opinions, but also to post-hearing treating physician opinions, thereby excusing the Appeals Council from offering any explanation for rejecting such opinions.").

10

record leads to the conclusion that the Commissioner's final decision was not based on substantial evidence. Plaintiff argues that, because Dr. Blankenship's disability opinion "should be dispositive," the Commissioner's decision cannot be based on substantial evidence. (Doc. 15, p. 5). Plaintiff fails to develop this argument in her briefs, except to add that "Dr. Blankenship was the most significant and best informed treating physician of record, with a longitudinal effort to cure."[7] (Doc. 15, p. 5). Plaintiff does not discuss any medical evidence or cite to the record at all in support of this contention. Nor does Plaintiff include any legal authorities, other than for the basic principles of review, in support of her argument. Indeed, the entirety of the "Argument" section of Plaintiff's Opening Brief, encompassing all the arguments raised by Plaintiff, is about a page and half in length, with her various arguments muddled together.

In addressing Plaintiff's argument that, in light of Dr. Blankenship's disability letter, the Commissioner's decision is not based on substantial evidence, the Court first notes that, under *Taylor v. Astrue*, when the Appeals Council considers post-hearing evidence from a treating physician but denies review, the additional evidence becomes part of the administrative record for the Courts to consider in subsequently reviewing the ALJ's decision. *See Taylor,* 659 F.3d at 1232 (holding that the Court may consider evidence submitted directly to the Appeals Council when asked by a claimant to review the ALJ's final decision); *see also Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) ("we are persuaded that the administrative record includes evidence submitted to and considered by the Appeals Council").

Moving to the merits of Plaintiff's argument, the Court rejects Plaintiff's contention that the Commissioner's decision is not based on substantial evidence because Dr. Blankenship's disability opinion is "dispositive" and "entitled to the greatest inherent weight." (Doc. 15, pp. 4-

---

[7] Plaintiff also argues that Dr. Blankenship's disability opinion should be afforded "the greatest inherent weight" because "he wrote later than all other physicians, incorporating all of the evidence from the period at issue." (Doc. 15, p. 4). However, the disability benefits claim forms comprising Dr. Blankenship's opinion were signed on June 23-24, 2009 and incorporate no evidence from any source. Plaintiff was examined by the state agency consultative examiner, Dr. Manmeet Shergill on September 30, 2009, almost three months after Dr. Blankenship signed the disability benefits claim forms. This argument is therefore inaccurate and unpersuasive.

5). As discussed above, the Appeals Council properly discounted this later-submitted opinion because a treating physician's opinion on the ultimate issue of disability is entitled to less weight than a treating source's medical opinion, and is "never entitled to controlling weight or special significance." *See* SSR 96-5p, 1996 WL 374183, at *1, *2, *5 (July 2, 1996) ("adjudicator is precluded from giving any special significance" to an opinion from a treating source on issues reserved to the Commissioner); *also see Martinez v. Astrue*, 261 F. App'x at 35 (disability opinion is "not accorded the weight of a medical opinion" because it "is an opinion about an issue reserved to the Commissioner").

Furthermore, Dr. Blankenship's disability opinion consists merely of a perfunctorily-completed disability benefits claim form (with check-off boxes and spaces for brief notations) and a "work note" indicating that Plaintiff was on "disability" for one year. His opinion lacks any reference to specific evidence or clinical findings in support of his conclusions, and, in fact, fails to identify what his conclusions are based on at all. *See Crane v. Shalala*, 76 F.3d 251, 253 (9th Cir. 1996) (ALJ properly rejected doctors' evaluations because they were check-off reports that did not contain any explanation regarding the bases of the doctors' conclusions). Under Ninth Circuit precedent, the Commissioner "need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." *Thomas v. Barnhart*, 278 F.3d at 957; *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that the Commissioner "may discredit treating physician's opinions that are conclusory, brief, and unsupported by the record as a whole"); *Ram v. Astrue*, 2012 WL 6790197 (W.D. Wash. Nov. 30, 2012) (finding treating physician's opinion on ultimate issue of disability to be "neither probative nor significant" when it was "unsupported" and "highly conclusory"). While the Court is aware that Dr. Blankenship's disability opinion relates to Plaintiff's fibromyalgia (which the ALJ found to be a "severe" impairment) and that fibromyalgia eludes objective measurement, *see, e.g., Green-Younger v. Barnhart*, 335 F.3d 99, 108 (9th Cir. 2003), the disability opinion contains only the cursory and

highly generalized assertions that Plaintiff is unable to work because of "chronic pain in limbs and spine" and "fatigue hindering ability to work." AR 548. It fails to identify Plaintiff's symptoms with specificity and detail, fails to explain the severity of her symptoms, and fails to address how Dr. Blankenship reached the conclusion that Plaintiff was incapable of working for one year. In light of its cursory and conclusive nature, Dr. Blankenship's disability letter is not "dispositive," as Plaintiff argues, in terms of rendering the Commissioner's opinion unsupported by substantial evidence.

Dr. Blankenship notes, in the EDD disability benefits claim form included in his disability letter, that Plaintiff was being treated for fibromyalgia by a rheumatologist at the time he completed the form. AR 548. Rheumatology is the relevant specialty for fibromyalgia. *Benecke v. Barnhart*, 379 F.3d 587, 594 n. 4 (9th Cir. 2004). A rheumatologist's opinion is given greater weight than that of other physicians because it is an "opinion of a specialist about medical issues related to his or her area of specialty." 20 C.F.R. § 404.1527(c)(5); *also see Holohan v. Massanari*, 246 F.3d 1195, 1202 n. 2 (9th Cir. 2001) (treating source opinion "may be entitled to little if any weight when the source "offers an opinion on a matter not related to his or her area of specialization"). Specialized knowledge is particularly important with respect to fibromyalgia because it is a disease that is poorly understood within much of the medical community. *Benecke*, 379 F.3d at 594 n. 4. The fact that Plaintiff's treating doctor for her fibromyalgia was a rheumatologist, not Dr. Blankenship, who is a family practice doctor, undercuts Plaintiff's argument that Dr. Blankenship's disability letter is significant enough to, on its own, shift the weight of the evidence in the record against the Commissioner's decision. (Doc. 15. p. 4).

Finally, Dr. Blankenship's disability opinion is unsupported and contradicted by the medical evidence in the record, including Dr. Blankenship's own treatment records. On November 6, 2008, the date Dr. Blankenship's opinion retrospectively stated that Plaintiff's disability began, Plaintiff was actually examined by Dr. Blankenship. He noted that Plaintiff was

"a healthy appearing individual in no distress." AR 258. Plaintiff reported that she had "[n]o muscle or joint pain, weakness, swelling or inflammation," neck aches, or back aches." AR 258. Dr. Blankenship found Plaintiff's "head and neck normal to inspection and palpation with satisfactory range of motion," and found no tenderness in her spine or paraspinous muscles. AR 259. Plaintiff reported chronic pain in her feet, hands and knees, and that she was taking Vicodin and Celebrex, but there was no discussion that Plaintiff could not work or was disabled. AR 258-260.

On April 29, 2009, Plaintiff was seen by Dr. Blankenship and reported body pain and fatigue, and Dr. Blankenship referred her to a rheumatologist. AR 243. When Plaintiff returned to Dr. Blankenship on June 23, 2009, he noted that she had been diagnosed with fibromyalgia by a rheumatologist, and that Plaintiff reported that she could not work "due to pain in back and limbs" and "would like to apply for disability." AR 241. Dr. Blankenship then, on June 24, 2009, completed the EDD disability benefits claim form to the effect that Plaintiff was disabled from November 6, 2008 to November 6, 2009, and, two weeks later, on July 6, 2009, Plaintiff applied for the social security benefits at issue in this matter. As discussed above, the fact that Dr. Blankenship deferred to Plaintiff's rheumatologist for diagnosis and treatment of Plaintiff's fibromyalgia undermines Plaintiff's argument that, in light of his disability opinion alone, the Commissioner's decision is not supported by substantial evidence.

The record further indicates that Plaintiff saw a rheumatologist, Dr. Win Minn Lim on May 8, 2009 (when Dr. Lim diagnosed Plaintiff with fibromyalgia) and, again, on January 19, 2010 (when Dr. Lim found that Plaintiff's fibromyalgia was stable). AR 219-222. During Plaintiff's initial examination, Dr. Lim noted Plaintiff was "alert, well appearing, and in no distress" and "oriented to person, place, and time." AR 220. Plaintiff had a full range of motion but complained of pain during the exam. AR 221. Dr. Lim suggested water-aerobics, swimming, regular exercise and regular sleep, but prescribed no medication. AR 222. When Plaintiff returned on January 19, 2010, she complained of fatigue, increased pain and reported

14

that Vicodin was not helping. Dr. Lim noted that her fibromyalgia was "stable," explained that since she did not start Plaintiff on pain medication, she would not increase the dosage, recommended regular exercise and regular sleep, discouraged Plaintiff from using narcotic pain medication but prescribed Gabapentin on a trial basis. AR 343. There is nothing in Dr. Lim's records from these visits that indicates that Plaintiff's fibromyalgia was disabling or progressively worsening. Dr. Lim's records, thus, do not support Dr. Blankenship's disability opinion. On the other hand, her records support the Commissioner's decision, in which the ALJ found that Plaintiff's fibromyalgia was "severe" but not disabling.

When Plaintiff was examined by a state agency consultative examiner, Dr. Manmeet Shergill on September 30, 2009, she stated that her sleep had improved, she no longer woke up during the night, and was having better days than before. AR 300. Plaintiff also stated that her fibromyalgia was controlled with medication except for "some breakthrough pains." AR 299-300. Dr. Shergill diagnosed Plaintiff with possible fibromyalgia and obstructive sleep apnea. AR 303. He opined that Plaintiff could stand and walk up to six hours and also sit for up to six hours. AR 303. With regard to lifting and carrying capabilities, he found that Plaintiff could lift/carry 20 pounds occasionally and 10 pounds frequently. AR 303. Dr. Shergill found no postural, manipulative, or workplace environmental limitations. AR 303. Dr. Shergill's opinion contradicts Dr. Blankenship's disability opinion and supports the Commissioner's decision. A state agency medical consultant, Dr. B. Ginsburg, reviewed Plaintiff's medical records on October 19, 2009, and came to the same conclusions as Dr. Shergill. AR 304-308. This evidence also contradicts Dr. Blankenship's disability opinion and supports the Commissioner's decision.

Given the record as a whole, the Commissioner did not err in discounting Dr. Blankenship's disability opinion. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that the Commissioner "may discredit treating physician's opinions that are conclusory, brief, and unsupported by the record as a whole"). Moreover, the ALJ's

decision that Plaintiff was not disabled but had the residual functional capacity to perform the full range of light work and specifically her past relevant work as performed in the national economy, is supported by substantial evidence.[8]

## RECOMMENDATION

Based on the foregoing, the Court finds that the Commissioner's decision is based on proper legal standards and is supported by substantial evidence in the record as a whole. Accordingly, the Court RECOMMENDS that Plaintiff's appeal from the administrative decision of the Commissioner of Social Security be DENIED and that JUDGMENT be entered for Defendant Carolyn W. Colvin and against Plaintiff Wyndel Worthen-Smith.

These findings and recommendations will be submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28, United States Code, § 636(b)(1). Within fifteen (15) days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in waiver of the right to appeal the District Court's forthcoming order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **August 9, 2013**                           **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE

---

[8] A vocational expert testified at the hearing before the ALJ, based on a relevant hypothetical, that Plaintiff was capable of performing her past relevant work as it is performed in the national economy.  AR 43-44.